UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                Case No.  5:05-cr-30-Oc-10GRJ

GERALD D. DANDRIDGE, JR.
_____/

**O R D E R**

This case is before the Court for consideration of the Defendant Gerald Dandridge Jr.'s Motion to Dismiss Counts Two, Three and Seven of the Second Superseding Indictment and Request for Evidentiary Hearing (Doc. 265), to which the Government has filed a response in opposition (Doc. 275).  The Defendant seeks to have these three new Counts dismissed on the grounds that the Government has engaged in prosecutorial misconduct and a campaign of vindictive prosecution against the Defendant.  Specifically, the Defendant alleges that these new Counts are based on evidence long in the Government's possession and were added only after the Defendant reneged on his agreement to plead guilty and instead file several pretrial motions, including motions to suppress evidence.

The Eleventh Circuit Court of Appeals has determined that "[a] prosecutor may seek a superseding indictment at any time prior to a trial on the merits." United States v. Cole, 755 F.2d 748, 757 (11th Cir.  1985); see also United States v.  Barner, 441 F.3d 1310, 1315 (11th Cir.  2006).  As a general rule, as long as the prosecutor has probable cause

to believe the accused committed the crime, the courts have no authority to interfere with a prosecutor's decision to prosecute. Barner, 441 F.3d at 1315; Cole, 755 F.2d at 758. And, as the Defendant recognizes, simply bringing additional charges against a defendant for failure to accept a plea agreement, or for filing pretrial motions is not *per se* vindictive prosecution. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); Cole, 755 F.2d at 757-58. It is clear that the new charges alleged in the Second Superseding Indictment are based on probable cause, and the Defendant has not argued otherwise. Thus, in order to demonstrate prosecutorial misconduct, the Defendant must come forward with additional evidence demonstrating actual vindictiveness. United States v. Goodwin, 457 U.S. 368, 384 (1982); Barner, 441 F.3d at 1317.

The Defendant points to the following alleged incidents as evidence of actual vindictive behavior on the part of the Government: (1) the Government allegedly forced his prior attorney to withdraw as counsel or face criminal prosecution; (2) the Government arranged with the Marion County Jail to preclude the Defendant's prior counsel from having private meetings with the Defendant;[1] (3) the Government reviewed the Defendant's telephone calls with another attorney while the Defendant was an inmate at Marion County Jail[2]; (4) the Government is using "high pressure tactics" to convince witnesses to testify

---

[1] At the Marion County Jail, inmates may meet with their counsel of record in a private room. All other inmate visitors are only permitted non-contact visitation through clear glass partitions.

[2] All inmate telephone calls are recorded at the Marion County Jail, regardless of whether they are made to counsel.

at trial; (5) the United States Attorney assigned to this case refused to shake the Defendant's counsel's hand at an April 11, 2006 hearing; and (6) the Government filed a response to the Defendant's motion to suppress at 11:56 p.m. on the day it was due. This additional "evidence" does not present a "realistic likelihood of vindictiveness." <u>Barner</u>, 441 F.3d at 1317. Rather, it appears that the behaviors in question are within the boundaries of the Federal Rules of Criminal Procedure, this Court's local rules, and procedures of the Marion County Jail.

Accordingly, upon due consideration, the Defendant's Motion to Dismiss Counts Two, Three and Seven of the Second Superseding Indictment and Request for Evidentiary Hearing (Doc. 265) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 30th day of May, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
             United States Marshal
             United States Probation Office
             U.S. Pretrial Services Office
             Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Gerald D. Dandridge, Jr.